**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**



| | |
|---|---|
| DAVID HALL CRUM, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | Civil Action No.: 19-cv-03769 (UNA) |

## MEMORANDUM OPINION

This matter is before the court on its initial review of petitioner's *pro se* petition for habeas corpus relief and application for leave to proceed *in forma pauperis*. Petitioner's *in forma pauperis* application will be granted and his petition will be dismissed without prejudice for lack of jurisdiction.

Petitioner is a prisoner incarcerated at the Beckley Federal Correctional Institution, located in Beaver, West Virginia. He alleges that, on multiple occasions, United States Attorneys have improperly applied sentencing enhancements to his convictions in the Superior Court of the District of Columbia. He alleges that this misapplication is based on false information contained in "faulty records." He states that improper enhancements were applied as recently as October 2019. *See United States v. Crum*, No. 2018 CF1 000667 (D.C. Super. Ct. filed Jan. 12, 2018). Petitioner also states that he has an existing and active post-conviction matter before the District of Columbia Court of Appeals, challenging the continued use of said records. *See Crum v. United States*, 18-CO-1205 (D.C. filed Nov. 13, 2018).

Petitioner requests that this court assess his sentencing enhancements "being used illegally, and Judge Beck, allowing it, recently[.]" *See Crum*, No. 2018 CF1 000667 (Oct. 15, 2019

1

sentencing, Beck, Ronna L.) He requests a hearing and a recalculation of his sentence. As a general rule, applicable here, this court lacks jurisdiction to review the decisions of the Superior Court. *See Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994), *cert. denied*, 513 U.S. 1150 (1995) (relying on *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983)); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415, 416 (1923)). Such is the province of the District of Columbia Court of Appeals.

Furthermore, unlike prisoners convicted in state courts or in a United States district court, "District of Columbia prisoner[s] ha[ve] no recourse to a federal judicial forum unless [it is shown that] the local remedy is inadequate or ineffective to test the legality of his detention." *Garris v. Lindsay*, 794 F.2d 722, 726 (D.C. Cir. 1986) (internal footnote and quotation marks omitted); *see Byrd v. Henderson*, 119 F.3d 34, 36–37 (D.C. Cir. 1997) ("In order to collaterally attack his sentence in an Article III court a District of Columbia prisoner faces a hurdle that a federal prisoner does not."). Petitioner's recourse lies, if at all, in the Superior Court under D.C. Code § 23-110. *See Blair-Bey v. Quick*, 151 F.3d 1036, 1042–43 (D.C. Cir. 1998); *Byrd*, 119 F.3d at 36–7 ("Since passage of the Court Reform Act [in 1970][] . . . a District of Columbia prisoner seeking to collaterally attack his sentence must do so by motion in the sentencing court – the Superior Court – pursuant to D.C. Code § 23-110."). Section 23-110 states:

> [an] application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section shall not be entertained by ... any Federal... court if it appears ... that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

D.C. Code § 23-110(g). The local statute "divests federal courts of jurisdiction to hear habeas petitions by prisoners who could have raised viable claims pursuant to § 23-110(a)." *Williams v. Martinez*, 586 F.3d 995, 998 (D.C. Cir. 2009).

Petitioner has not claimed, let alone shown, that his local remedy is inadequate to address his grounds for relief. In fact, petitioner himself points out the necessity to exhaust his state remedies and draws attention to his pending matter before the D.C. Court of Appeals, which appears to involve many, if not all, of the same issues raised here. Additionally, to the extent petitioner raises new challenges to the enhancements applied in No. 2018 CF1 000667, he must first do so in the sentencing court. *See* D.C. Code § 23-110.

Thus, this habeas action will be dismissed without prejudice for want of jurisdiction. A separate order accompanies this memorandum opinion.

_____
United States District Judge

Date: 1/29/20